# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GUANG YAN LIN,** | : | **CIVIL NO. 3:16-CV-0433** |
| Petitioner | : | (Judge Munley) |
| v. | : | |
| **CRAIG A. LOWE,** *et al.*, | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Guayn Yan Lin ("Lin"), presently a detainee of the United States Immigration and Customs Enforcement ("ICE"), incarcerated at the Pike County Prison, Lords Valley Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on March 10, 2016.  (Doc. 1).  Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R. 4[1] and, for the reasons set forth below, the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

## I.     Background

Lin is a native and citizen of China who last entered the United States illegally.  (Doc. 1, p. 4, ¶ 6; p. 26).  The date of entry into the United States is not clear from the petition.  "On April 16, 1998, an Immigration Judge granted [Lin] Voluntary Departure until May 18,

---

[1]Rule 4 provides that "[i]f it plainly appears from the petition and the attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  See R. GOVERNING § 2254 CASES R.4.  These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court.  See R. GOVERNING § 2254 CASES R.1(b).

1998. [Lin] appealed the Immigration Judge's decision with the Board of Immigration Appeals. The Board of Immigration Appeals affirmed the order of Voluntary Departure and [Lin] was instructed to depart the United States by September 15, 2002. [Lin] failed to voluntarily depart the United States and on September 16, 2002, an alternate order of removal was issued. [Lin] filed a Petition for Review which was denied on May 22, 2006." (Doc. 1, p. 26).

He was taken into ICE custody on August 10, 2015.  (Id. at p. 3, ¶ 6).  On November 4, 2015, Lin's custody status was reviewed and it was determined that, because it was not clear that he would appear for removal, he was to remain in ICE custody pending removal. (Id. at 27).  On January 26, 2016, jurisdiction of Lin's custody status was transferred to the Headquarters Removal and International Operations ("RIO").  (Id.).  On February 18, 2016, RIO continued his detention stating that "[a] travel document from the Government of China is expected, therefore you are to remain in ICE custody at this time."  (Id. at 26).

Lin filed the instant petition requesting review of the lawfulness of his continued detention on March 10, 2016. (Doc. 1).

## II. Discussion

Detention, release, and removal of aliens ordered removed is governed by the provisions of 8 U.S.C. § 1231.  Under § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  Section 1231(a)(1)(B) provides the following:

> The removal period begins to run on the latest of the following:

2

>   (i) The date the order of removal becomes administratively final.
>
>   (ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.
>
>   (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. §1231.  At the conclusion of the ninety-day period, the alien may be held in continued detention, or may be released under continued supervision.  8 U.S.C. §§ 1231(a)(3) & ( 6).  The statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States.  It does not permit indefinite detention."  Zadvydas v. Davis, 533 U.S. 678, 689 (2001).  "Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute."  Id. at 699.  To establish uniformity in the federal courts, a period of six months was recognized as a "presumptively reasonable period of detention."  Id. at 701.

Following Zadvydas, regulations were promulgated to meet the criteria established by the Supreme Court.  See 8 C.F.R. § 241.4.  Prior to the expiration of the mandatory ninety-day removal period, the district director shall conduct a custody review for an alien where the alien's removal cannot be accomplished during the prescribed period.  8 C.F.R. § 241.4(k)(1)(I).  When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months, or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review.  8 C.F.R. § 241.4(k)(1)(ii).  According to the Decision to Continue Detention, matters are now referred to the Headquarters Removal and International Operations (RIO) for further custody review.

(Doc. 1, pp. 26-27).  Once jurisdiction is transferred, an eligible alien may submit a written request for release asserting the basis for the alien's belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future.  8 C.F.R. § 241.13(d)(1).

If at the conclusion of the six month period the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701.  Not every alien must be released after six months.  An alien may still be detained beyond six months "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  Id.

In the matter *sub judice*, the presumptively reasonable six month period began running on August 10, 2015, the date he was taken into ICE custody.  The six month period has recently expired, and ICE has failed to remove Lin.  Jurisdiction to make a determination concerning his custody would now lie with RIO and, although RIO issued a decision to continue detention on February 18, 2016, Lin has not submitted a written request for release asserting the basis for his belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future.  8 C.F.R. § 241.13(d)(1).  Consequently, ICE will be ordered to treat this petition as a request for release under 8 C.F.R. §241.13.

**III.    Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be denied without prejudice.

An appropriate Order follows.

                                        **BY THE COURT:**

                                        **s/James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**

Dated:    April 19, 2016